# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

Donna Pratt, *on behalf of herself*
*and all others similarly situated,*

      Plaintiff

v.

Nelson & Kennard, Cavalry Portfolio
Services, LLC and Cavalry SPV I, LLC,

      Defendants

_____

## CLASS ACTION COMPLAINT AND JURY DEMAND
_____

## NATURE OF ACTION

1.    Plaintiff Donna Pratt ("Plaintiff") brings this putative class action against Defendants Nelson & Kennard ("N&K"), Cavalry Portfolio Services, LLC ("CPS"), and Cavalry SPV I, LLC ("Cavalry") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., on behalf of herself and all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

4.     "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury

sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, No. 15-CV-23026, 2016 WL 5369316, at *6 (S.D. Fla. Sept. 26, 2016).

7.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

8.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

9.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

10.     The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

11.     "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir. 1997)). "Plaintiffs who prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

12.     Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard.   "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997)).

13.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.

14.     Another key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

## PARTIES

15.     Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of Pueblo, and City of Pueblo.

16.     Plaintiff is allegedly obligated to pay a debt.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18.    N&K is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.    N&K is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.    CPS is an is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21.    CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.    Cavalry is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

23.    Cavalry is a debt buyer which, upon information and good-faith belief, profits by purchasing large volumes of defaulted debt at a deep discount and then profits by collecting the receivables at close to face value.

24.    Cavalry purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

25.    The principal purpose of Cavalry's business is the collection of debts.

26.    Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.    Cavalry uses CPS to service its accounts and hire other debt collectors to collect debts on its behalf.

28.    Cavalry and CPS are affiliates and are under common management and control.

## FACTUAL ALLEGATIONS

29.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal vehicle loan (the "Debt").

30.    N&K uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

31.    N&K regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

32.    CPS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

33.    CPS regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

34.    Cavalry uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

35.    Cavalry regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

36.    Cavalry acquired Plaintiff's Debt when it was allegedly in default.

37.    Cavalry then assigned the servicing and collection rights for the accounts to CPS.

38.    CPS then retained N&K, a law firm, to collect the Debt from Plaintiff on its behalf.

39.    Upon information and belief, Calvary or CPS has authority and control over N&K's attempts to collect the Debt from Plaintiff.

40.    On or about September 16, 2016, in connection with the collection of the Debt, CPS obtained a judgment against Plaintiff.

41.    A few months later, N&K, on behalf of itself and Cavalry, sent Plaintiff a collection letter dated December 14, 2016.

42.    A true and correct copy of N&K's December 14, 2016 letter is attached to this complaint as Exhibit A.

43.    N&K's December 14, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

44.    N&K's December 14, 2016 letter identified the balance of the Debt as $10,472.91.

45.    N&K's December 14, 2016 letter failed to inform Plaintiff that the balance of the Debt would increase due to accrued interest, fees, or other charges.

46.    On or about January 18, 2017, N&K, itself and on behalf of Cavalry, obtained a writ of garnishment against Plaintiff.

47.    A true and correct copy of the writ of garnishment is attached to this complaint as Exhibit B.

48.    The writ of garnishment identified the total amount of the Debt due and owing as of January 18, 2017 as $10,647.52.  *See* Exhibit B.

49.    Included in the total amount of the Debt due is post-judgment interest listed at $264.41 and "Taxable Costs" at $96.85.  *Id.*

50.    N&K's December 14, 2016 communication is misleading to the consumer who could readily conclude that the balance of the Debt stated as due was due at any time, when in fact it was not, and was subject to adjustment on a period basis.

51.    Whether the Debt was subject to accrual of interest or other charges is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity.

52.    The omission of the above-stated material information is especially prejudicial to the consumer where the increase in the balance is only revealed to the consumer after the 30-day time period to dispute the Debt, or any portion of the Debt, has expired.

53.    It was not until the January 18, 2017 writ of garnishment that N&K informed Plaintiff that interest was accruing on the Debt.

54.    N&K's omission of material information in its December 14, 2016 initial communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

55.    Thus, N&K's December 14, 2016 initial written communication failed to clearly and effectively state the amount of the Debt as required by 15 U.S.C. § 1692g(a)(1).

## CLASS ALLEGATIONS

56.    Plaintiff repeats and re-alleges all factual allegations above.

57.     N&K's December 14, 2016 letter is based on a form or template used by N&K to send collection letters (the "Template").

58.     The Template fails to state that interest is accruing on the debt, in the same manner as N&K did with Plaintiff above.

59.     N&K has used the Template to send collection letters to over 40 individuals in the State of Colorado within the year prior to the filing of the original complaint in this matter.

60.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

(a) All persons with a Colorado address, (b) to whom N&K mailed an initial debt collection communication (c) where Cavalry and/or CPS placed the debt with N&K (d) that did not indicate whether the debt was subject to increase (e) when, in fact, the debt was subject to increase, (f) within one year before the date of the original Complaint, (g) in connection with the collection of a consumer debt.

61.     The proposed class specifically excludes the United States of America, the State of Colorado, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Tenth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

62.     The class is averred to be so numerous that joinder of members is impracticable.

63.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

64.    The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

65.    There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

66.    Plaintiff's claims are typical of those of the class she seeks to represent.

67.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

68.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

69.    Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

70.    Plaintiff is willing and prepared to serve this Court and the proposed class.

71.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

72.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

73.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

74.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

75.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

76.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

77.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### N&K

78.     Plaintiff repeats and re-alleges each and every factual allegation above.

79.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.    15 U.S.C. § 1692e(2)(A).

80.     "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief

that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

81.　　"If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the [FDCPA] by stating the 'balance' due." *Brill v. Fin. Recovery Servs., Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at *5 (D. Neb. Nov. 10, 2010) (quoting *Chuway*, 362 F1692.3d at 949).

82.　　However, if "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use" language which explains "that the amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes . . . ." *Id.* at *5-6 (quoting *Chuway*, 362 F.3d at 949).

83.　　"[T]he least sophisticated consumer, who is both gullible and naïve, might have believed that he could pay the debt in full by remitting the 'Total Due[s]' in the Letters at any time after he received that letter. Such a belief would be incorrect because the total amount of the debt was subject to periodic adjustment by Defendant due to the accrual of interest." *Gill v. Credit Bureau of Carbon Cty.*, No. 14-CV-01888-KMT, 2015 WL 2128465, at *6 (D. Colo. May 5, 2015) (citations omitted).

84.　　Thus, N&K violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in its December 14, 2016 letter to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)  Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## N&K

85.     Plaintiff repeats and re-alleges each and every factual allegation above.

86.     Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. § 1692e(10).

87.     "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"   *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006) (internal quotation omitted)).

88.     Here, it is reasonable for Plaintiff, or the least sophisticated consumer, to interpret that the "current balance" stated in N&K's December 14, 2016 letter would increase, or alternatively, would remain static—one of which is necessarily false.

89.     N&K violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendants violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)  Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## N&K

90.  Plaintiff repeats and re-alleges each and every factual allegation above.

91.  "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

92.     N&K violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## Cavalry

93.    Plaintiff repeats and re-alleges each and every factual allegation above.

94.    N&K violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in its December 14, 2016 letter to Plaintiff.

95.    Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of N&K —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)
### Cavalry

96.    Plaintiff repeats and re-alleges each and every factual allegation above.

97.    N&K violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

98.    Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of N&K —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendants violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)  Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### Cavalry

99.    Plaintiff repeats and re-alleges each and every factual allegation above.

100.    N&K violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter.

101.    Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of N&K —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## CPS

102.    Plaintiff repeats and re-alleges each and every factual allegation above.

103.    N&K violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in its December 14, 2016 letter to Plaintiff.

104.    CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of N&K —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class she seeks to represent;

c)    Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)    Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)    Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## CPS

105.    Plaintiff repeats and re-alleges each and every factual allegation above.

106.    N&K violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

107.    CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of N&K —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of

$500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**
**CPS**

108.    Plaintiff repeats and re-alleges each and every factual allegation above.

109.    N&K violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication or within five days thereafter.

110.    CPS, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of N&K —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

111.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 11, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

<u>s/ Joseph Panvini</u>
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff